**Mariya KRAYNYAK, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.**

**No. 03–40122–AG NAC.**

United States Court of Appeals, Second Circuit.

Oct. 26, 2005.

---

Gustavo L. Vila, Kuczinski, Vila, Tarallo, Pillinger & Miller, LLP, Elmsford, New York, for Appellant.

Alan G. McGonigal, Assistant United States Attorney, (Thomas E. Johnston, United States Attorney for the Northern District of West Virginia, on the brief), Wheeling, West Virginia, for Appellees.

Present: WALKER, Chief Judge, B.D. PARKER, and WESLEY, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the Board of Immigration Appeals is **AFFIRMED** and the petition for review is **DISMISSED** in part and **DENIED** in part.

Mariya Kraynyak, a native of the former Soviet Republic and a citizen of Ukraine, petitions this Court pursuant to section 242(b) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1252(b), for review of a May 27, 2003 order of the Board of Immigration Appeals ("BIA") affirming an order of an immigration judge ("IJ") ordering Kraynyak's removal to Ukraine after denying her application for asylum, withholding of removal, and relief pursuant to the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Section 208(a)(3) of the Immigration and Nationality Act precludes judicial review of the IJ's discretionary denial of the petitioner's claim of asylum for failure to file the application within the one-year limitation period without demonstrating the

---

1. We granted plaintiff's motion, but he never filed a reply brief.

existence of either changed circumstances materially affecting the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing. 8 U.S.C. § 1158(a)(3); *see, e.g., Sharari v. Gonzales,* 407 F.3d 467, 473 (1st Cir.2005); *Tarrawally v. Ashcroft,* 338 F.3d 180, 185 (3d Cir.2003); *Hakeem v. INS,* 273 F.3d 812, 815 (9th Cir.2001). We therefore dismiss that portion of the petition for review, challenging the denial of the asylum claim, for lack of jurisdiction.

While this Court lacks jurisdiction to review the IJ's denial of Kraynyak's asylum application, this Court is not deprived of jurisdiction to review her application for withholding of removal and relief under CAT. "We review the factual findings underlying the BIA's determinations under the substantial evidence standard, reversing only if no reasonable fact-finder could have failed to find that petitioner suffered past persecution or had a well-founded fear of future persecution or torture." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 177 (2d Cir.2004) (internal quotations omitted). Where, as here, the BIA summarily affirms the IJ's decision, we review the decision of the IJ directly. *See Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003).

Because the petitioner identifies no "reliable, specific, objective supporting evidence" that she will face persecution upon her return to Ukraine, *Ramsameachire,* 357 F.3d at 178, there is no basis for disturbing the IJ's conclusion that the petitioner failed to establish a well-founded fear of persecution or, the heightened standard for withholding of removal, a "clear probability" that she will be persecuted if she were to return to Ukraine, *INS v. Stevic,* 467 U.S. 407, 429–30, 104 S.Ct. 2489, 81 L.Ed.2d 321 (1984). Furthermore, the IJ correctly concluded that the petitioner was ineligible for CAT relief, because she offered no evidence that she would more likely than not be tortured if she returned to the Ukraine. *See Wang v. Ashcroft,* 320 F.3d 130, 143 (2d Cir.2003) (citing 8 C.F.R. § 208.16(c)(2)).

We have considered all of the petitioner's claims and find them to be without merit. The petition for review is therefore DISMISSED in part and DENIED in part.